## RUDOLPH FEITEL'S APPEAL
## FROM LIQUOR CONTROL COMMISSION

Superior Court          Middlesex County          File #6870

Present:  Hon. ALFRED C. BALDWIN, Judge.

Bernard Kosicki,                    Attorney for the Appellant.

Edward J. Daly,
  Attorney General,                 Attorney for the Respondent.

### MEMORANDUM FILED MAY 22, 1936.

BALDWIN, J.  The appellant is the holder of a tavern permit under the provisions of the Liquor Control Act.  His place of business is at 169 Main Street in Middletown.

Under date of April 3, 1936, a communication, of which the following is a copy, was sent to and received by his counsel:

"Bernard Kosicki,
Attorney at Law,
487 Main Street,
Hartford, Connecticut

                    Re Rudolph Feitel.

Dear Sir:

   This is to advise that the tavern permit T 1259 issued to the above mentioned for premises located at 169 Main Street, Middletown, has been revoked by the Commission after due hearing had on Thursday, April 2, 1936, because of

   Unsuitability of person by reason of employing an alien in a tavern in violation of **Section 1066 C of the Cumulative Supplement to the General Statutes, Revision of 1935.**

Very truly yours,

(signed)　EDWARD M. PETERS,
　　　　　　Secretary Liquor Control Commission."

The appellant had received from the Commission a communication under date of March 31, 1936, reading as follows:

"You are summoned to appear, for a hearing on the revocation of your tavern permit, before the Liquor Control Commission on the 2nd day of April, 1936, at 10:30 A. M., at the State Capitol, Hartford, Connecticut. You will be required to furnish facts and evidence relative to suitability of person and place as provided by Chapter 151 of the Public Acts of 1933 as amended by Chapter 292 of the Public Acts of 1935 and the regulations of the Liquor Control Commission."

The appellant appeared at the time and place indicated with counsel and was there and then charged with a violation of **Section 1066C of the Cumulative Supplement,** in that he had employed in his tavern an alien resident of this State.

No other charge was or is made against this appellant or his place of business.

It appears that appellant has had in his employ one John Smith, an alien, who had made his declaration of intention to become a citizen, but had not secured full citizenship. He had long been a resident of Middletown, owned real estate and was a taxpayer therein and was not known by the appellant not to be a citizen, nor did appellant know that one having his first citizenship papers, but not having full citizenship could not, under the Act, be employed in a tavern until he came before the Commission April 2nd, for his hearing.

Under the Act of 1933, one of the status of this employee could be employed legally in appellant's tavern. Appellant did not know of the change in the law in this respect by the General Assembly at its January Session of 1935, which went into effect July 1, of that year, nor, as noted hereinbefore, that his employee was not a citizen. Upon learning these facts at the hearing on April 2, 1936, he returned to his tavern and immediately upon that day discharged the employee.

There was no intentional violation of the law.

Section 1046C of the Cumulative Supplement of the General Statutes, in so far as applicable, provides:

"No permit shall be granted to any person who . . . is not a citizen of the United States."

and **Section 1066 C of the Supplement** provides:

"No person, who is by statute or regulation declared to be an unsuitable person to hold a permit to sell alcoholic liquor, shall be employed in any tavern in this State, . . ."

These provisions of the Statute are in derogation of one's rights to employ, and of one's right to be employed and, therefore, must be strictly construed.

I could not hold that these provisions of the statute "declared to be an unsuitable person to hold a permit to sell alcoholic liquors" and therefore, "declared to be an unsuitable person to be employed in a tavern", one who was not a citizen of the United States, but rather, that the statute excludes such persons, among others, from receiving such a permit and from being employed in a tavern.

The statute, by elimination of certain classes, creates a class, the members of which may hold a permit for the sale of alcoholic liquors, and may be employed in a tavern, which is a very different thing from declaring that all who are outside that class are "unsuitable" persons to hold such permit or to be so employed. The terms of the statute, strictly construed, do not permit of such construction.

The revocation of this permit, for the reasons assigned, was harsh, unreasonable and arbitrary and should not have been decreed.

The appellant is found to be a suitable person to hold a tavern permit, and judgment may enter accordingly.